UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marvin Neuman,<br><br>　　　　　　Plaintiff,<br><br>　- against -<br><br>City of New York, Joseph Mendez, Gregory Czerech, John Loso, David Echevarria, Patrick Gallagher, Keith Hennin, Sergeant Ahmed, Does 8-10, Richard Capuano, Edwin Lugo, Monserrate Perez, and Querbe Tirmizl,<br><br>　　　　　　Defendants. | 13 CV 5466 (WFK)(RER)<br><br>Second Amended Complaint and Jury Demand |

　　　　Plaintiff, by his attorney, Michael G. O'Neill, states for his second amended complaint against defendants as follows:

　　　　1.　　This is an action alleging violation of plaintiff's civil and constitutional rights and violation of state tort laws governing false arrest, excessive force and unlawful imprisonment.

　　　　2.　　This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331 and 28 U.S.C. §1367.

　　　　3.　　Venue is proper in the Eastern District because one or more defendants are residents of the Eastern District.

　　　　4.　　Plaintiff is an individual and resides in the State of New York.

　　　　5.　　Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

　　　　6.　　Defendant Joseph Mendez is an employee of the New York City Police

1

Case 1:13-cv-05466-WFK-RER Document 43 Filed 04/24/15 Page 2 of 9 PageID #: 328

Department.

7. Defendant Gregory Czerech (Shield No. 1385) is an employee of the New York City Police Department.

8. Defendant John Loso (Shield No. 29351) is an employee of the New York City Police Department.

9. Defendant David Echevarria (Shield No. 2189) is an employee of the New York City Police Department.

10. Defendant Patrick Gallagher (Shield No. 1504) is an employee of the New York City Police Department.

11. Defendant Keith Hennin is an employee of the New York City Police Department.

12. Defendant Sergeant Ahmed (first name presently unknown) is an employee of the New York City Police Department.

13. Defendant Does 8-10 are employees of the New York City Police Department.

14. Defendant Richard Capuano is a New York City Marshal.

15. Defendant Edwin Lugo was at all relevant times an agent or employee of defendant Capuano.

16. Defendant Monserrate Perez was at all relevant times an agent or employee of defendant Capuano.

17. Defendant Querbe Tirmizl was at all relevant times an agent or employee of defendant Capuano.

18. On March 25, 2013, shortly after noon, in the vicinity of 47-2 Queens Boulevard, Queens, New York, plaintiff encountered Capuano, Lugo, Perez, and Tirmizl in the process of towing his car. On information and belief, two other employees or agents of defendant Capuano, Alexis Alvarado and Roberto Cruz, were present on the scene as well in separate tow trucks.

19. Capuano, Lugo, Perez, and Tirmizl were in a parked SUV. Capuano's window was lowered, and plaintiff approached him to ask why his car was being towed.

20. Capuano closed his window while plaintiff was talking to him, and two of the other three individuals in the SUV exited the SUV and assaulted and battered plaintiff by striking him in the chest several times.

21. Capuano, Lugo, Perez, and Tirmizl then left the scene.

22. Plaintiff called 911 and asked for police and EMS assistance.

23. Eventually City Police Officers Mendez and Czerech responded in an RMP. Shortly after, Echeverria, a City Policy Sergeant, also arrived.

24. Echeverria took some papers from plaintiff that Capuano had thrown at plaintiff as Capuano was leaving.

25. Upon information and belief, Echeverria understood from these papers as well as from the information provided to him by 911 dispatch that plaintiff had called 911 because plaintiff had been assaulted by Capuano, Lugo, Perez, and Tirmizl and that plaintiff wanted to press charges against those individuals.

26. Echeverria refused to talk to plaintiff or take any information from him concerning the assault. Rather, upon information and belief, Echeverria told plaintiff that

3

plaintiff would be arrested on false charges of "obstructing governmental administration." Further upon information and belief, this decision came about either because Echeverria spoke to Capuano and they agreed that plaintiff would be arrested, or because Echeverria was acting pursuant to an unwritten policy of the New York City Police Department not to pursue complaints against law enforcement officials, including City Marshals, to suppress evidence of wrongdoing by law enforcement officials, including City Marshals, and to fabricate charges against individuals who would make complaints against law enforcement officials, including City Marshals.

27. Shortly thereafter, plaintiff was arrested by Mendez and Czerech for obstructing governmental administration.

28. Upon information and belief, Mendez and Czerech were acting on the instructions of Echeverria when they arrested plaintiff.

29. Mendez and Czerech knew that plaintiff had committed no crime and that Echeverria was violating plaintiff's rights by causing plaintiff to be arrested.

30. Mendez and Czerech nonetheless followed Echeverria's instructions and actively and knowingly participated in the false arrest of plaintiff.

31. Plaintiff was held in custody, specifically by Officers Mendez, Czerech, Loso, Echeverria, Gallagher, Hennin, Ahmed, Pagano, McCarthy, Davis, and Does 8-10, until about 4 pm on March 26, 2013, at which time he was brought before a magistrate and released.

32. Thereafter, all charges were dismissed against plaintiff.

33. On or about April 26, 2013, and within ninety days after plaintiff's action arose, plaintiff duly filed a Notice of Claim against defendant New York City for injuries

4

suffered as a result of the false arrest and unlawful imprisonment of plaintiff by its employees.

34. Thereafter a 50-h hearing was duly held on October 17, 2013 pursuant to notice given by the City.

35. At least thirty days have elapsed since the demand or claim upon which this action is founded was presented to the City for adjustment or payment thereof, and the City has neglected and refused to make any adjustment or payment thereof.

36. This aciton is brought within the one year and ninety day period of time as prescribed by statute.

## Claim One.

37. Defendant City Police Officers Mendez, Czerech, Loso, Echeverria, Gallagher, Hennin, Ahmed, Pagano, McCarthy, Davis, and Does 8-10, acting under color of state law, violated plaintiff's right, guaranteed to him under the 4th Amendment of the United States Constitution, to be free of unreasonable search and seizure.

38. Mendez, Czerech, Loso, Echeverria, Gallagher, Hennin, Ahmed, Pagano, McCarthy, Davis, and Does 8-10 are liable to plaintiff for his damages under 42 U.S.C. §1983.

## Claim Two.

39. Capuano conspired with the Sergeant Echeverria to have plaintiff falsely arrested.

40. Capuano was acting under color of state law, and is liable to plaintiff under 42 U.S.C. §1983.

## Claim Three.

41. There is an unofficial policy of the Police Department of the City of New York, known, suffered and encouraged at all levels, including at the level of the highest policy makers, that members of the police department will hinder complaints against law enforcement officials, including City Marshals. Pursuant to this policy, police officers are expected and encouraged to suppress evidence of wrongdoing of law enforcement officials, including City Marshals, to refuse to act on complaints of wrongdoing of law enforcement officials, including City Marshals, and to fabricate evidence against individuals who make complaints of wrongdoing by law enforcement officials, including City Marshals.

42. In arresting plaintiff, Mendez, Czerech, and Echeverria were acting pursuant to the aforementioned policy.

43. By virtue of this unofficial policy, the City is liable to plaintiff under 42 U.S.C. §1983.

## Claim Four.

44. Capuano, Lugo, Perez, and Tirmizl assaulted and battered plaintiff, causing him to suffer injuries.

## Claim Five.

45. While in the process of seizing plaintiff's car, Capuano, Lugo, Perez, and Tirmizl unjustifiably assaulted and battered plaintiff.

46. The physical violence suffered by plaintiff as a result of Capuano, Lugo, Perez and Tirmizl's unjustifiable physical violence violated plaintiff's rights under the Fourth

## Claim Three.

41. There is an unofficial policy of the Police Department of the City of New York, known, suffered and encouraged at all levels, including at the level of the highest policy makers, that members of the police department will hinder complaints against law enforcement officials, including City Marshals. Pursuant to this policy, police officers are expected and encouraged to suppress evidence of wrongdoing of law enforcement officials, including City Marshals, to refuse to act on complaints of wrongdoing of law enforcement officials, including City Marshals, and to fabricate evidence against individuals who make complaints of wrongdoing by law enforcement officials, including City Marshals.

42. In arresting plaintiff, Mendez, Czerech, and Echeverria were acting pursuant to the aforementioned policy.

43. By virtue of this unofficial policy, the City is liable to plaintiff under 42 U.S.C. §1983.

## Claim Four.

44. Capuano, Lugo, Perez, and Tirmizl assaulted and battered plaintiff, causing him to suffer injuries.

## Claim Five.

45. While in the process of seizing plaintiff's car, Capuano, Lugo, Perez, and Tirmizl unjustifiably assaulted and battered plaintiff, causing him to suffer injuries.

46. The physical violence suffered by plaintiff as a result of Capuano, Lugo, Perez and Tirmizl's unjustifiable physical violence violated plaintiff's rights under the Fourth

Amendment.

47. Capuano, Lugo, Perez, and Tirmizl used excessive force against plaintiff. Capuano, Lugo, Perez, and Tirmizl were acting under the color of state law, and are liable to plaintiff under 42 U.S.C. §1983.

### Claim Six.

48. On March 25, 2013, defendant City Police Officers Mendez, Czerech, and Echeverria caused plaintiff to be falsely arrested.

49. On March 25, 2013, defendant City Police Officers Mendez, Czerech, Loso, Echeverria, Gallagher, Hennin, Ahmed, Pagano, McCarthy, Davis, and Does 8-10 caused plaintiff to be falsely imprisoned.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding appropriate equitable and injunctive relief, awarding plaintiff punitive damages, awarding pre-verdict, post-verdict and prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York  
April 24, 2015

MICHAEL G. O'NEILL  
(MO3957)

*[signature]*

Benjamin L. Federici  
Attorneys for Plaintiff

7

30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-099

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York　　　　　　MICHAEL G. O'NEILL
　　　　April 24, 2015　　　　　　　　　　(MO3957)

_____
Benjamin L. Federici
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990